**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

EDMOND BARRAS                                      CIVIL ACTION

VERSUS                                             NO.  10-1498

STEVE RADER, WARDEN                                SECTION "S"(5)

<u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary.  <u>See</u> 28 U.S.C. §2254(e)(2).[1] For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as moot.

---

[1]Under 28 U.S.C. §2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. §2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. §2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.  28 U.S.C. §2254(e)(2)(B).

I.  PROCEDURAL HISTORY

The petitioner, Edmond Barras, was charged by bill of information with driving while intoxicated (DWI), second fourth offense, in violation of LSA-R.S. 14:98E.  On January 6, 2005, following trial by jury in the Twenty-Second Judicial District Court for the Parish of St. Tammany, Barras was found guilty as charged.  (State rec., vol. 2 of 3, p. 376).  Barras was sentenced to twenty years incarceration at hard labor with credit for time served and was fined $5000.00.  (State rec., vol. 2 of 3, p. 391). On March 23, 2007, the Louisiana First Circuit Court of Appeal affirmed Barras's conviction and sentence.  State v. Barras, 953 So.2d 205 (Table), 2007 WL 865486 (La. App 1 Cir. 2007).  Barras did not seek relief from the Louisiana Supreme Court in connection with the state appellate court's March 23, 2007 adverse decision.

On February 4, 2008, Barras filed with the state district court a petition for post-conviction relief.[2]  On March 27, 2008, the state district court denied petitioner post-conviction relief.[3]

On November 10, 2008, counsel filed on Barras's behalf a second application for post-conviction relief with the state district court.[4]  On November 18, 2008, the district court, via a

_____

[2]A copy of Barras's petition for post-conviction relief is contained in the State rec., vol. 3 of 3.

[3]A copy of the state district court's March 27, 2008 Order is contained in the State rec., vol. 3 of 3.

[4]A copy of Barras's second post-conviction application is contained in the State rec., vol. 3 of 3.

handwritten notation, denied Barras's second post-conviction application as repetitive.  On August 31, 2009, the Louisiana First Circuit Court of Appeal likewise denied Barras relief, finding that the district court "did not err in denying relator's application for post-conviction relief as repetitive.  <u>See</u> La. Code Crim. P. art. 930.4."  <u>State v. Barras</u>, No. 2009-KW-0959 (La. App. 1 Cir. 2009) (unpublished opinion).[5]  Barras did not seek relief from the Louisiana Supreme Court in connection with the state appellate court's adverse August 31, 2009 opinion.

On May 14, 2010, counsel filed on Barras's behalf the instant federal habeas corpus petition.  (Rec. doc. 1).  In its response (rec. doc. 13), the State represents that upon contacting Barras's counsel regarding a motion for an extension of time, the State was advised that Barras had died.  On   , the State submitted a copy of Barras's death certificate (rec. doc. ), reflecting that Barras died on August 19, 2010.

II.  <u>ANALYSIS</u>

The Constitution limits federal court jurisdiction to live cases or controversies.  <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 395 (1980).  A case is rendered moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.  <u>Id</u>. at 396.  Because Barras

---

[5]A copy of the state appellate court's August 31, 2009 unpublished opinion is contained in the State rec., vol. 3 of 3.

has died, the instant matter is moot.  Knapp v. Baker, 509 F.2d 922 (5th Cir. 1975) (habeas petitioner died, "case is therefore moot"); Figueroa v. Rivera, 147 F.3d 77, 82 (1st Cir. 1998) (Petitioner's "death during the pendency of his habeas petition rendered that action moot, and no earthly circumstance can revive it.); Hann v. Hawk, 205 F.2d 839, 840 (8th Cir. 1953) (case became moot upon habeas petitioner's death and court "would not be justified in deciding questions which have become academic"); Garceau v. Woodford, 399 F.3d 1101 (9th Cir. 2005) (habeas petitioner's death "renders this case moot").  Accordingly;

### RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Edmond Barras, be **DISMISSED WITH PREJUDICE** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C.

4

§636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996)(<u>en banc</u>).[6]

New Orleans, Louisiana, this  4th  day of ___February___, 2011.


_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[6]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

5

**Form C-05-001-X**
**01 January 2009**

### Louisiana Department of Public Safety and Corrections
### Standardized Death Report Format

DATE OF REPORT:      August 20, 2010

TO:      James M. Le Blanc
      Secretary

FROM:      Steve Rader
      Warden

RE:      Edmond Barras
      Offender's Name
      254338
      Offender's DOC #

Age:      47

Manner of Death:  (Please check one of the following boxes)

☐ Natural - Expected      ☒ Natural - Unexpected      ☐ Unnatural

Autopsy:  Yes

Medical Diagnosis:  Cardiac Arrest, secondary to Accidental Electrocution

**NARRATIVE:**

Offender Edmond Barras, #254338, died an accidental death at Dixon Correctional Institute on Thursday, August 19, 2010 at 3:28 p.m. Offender Barras was 47 years old. Henry Geter, DCI Electrical Maintenance Foreman was working with two offenders, Johnny Balbach, #509490 and Edmond Barras, who were assigned to the DCI Maintenance Crew. The maintenance crew was working on the Unit One transformer when the incident occurred. It appeared that Offender Barras touched live electrical wires/terminal while working on a transformer.

James M. Le Blanc
August 20, 2010
Page 2

At approximately 2:58 p.m. on August 19, 2010, Offender Barras was rushed into the
infirmary treatment room on a gurney in cardiorespiratory arrest with chest
compressions in progress. Acadian Ambulance was notified and arrived at the infirmary
at approximately 3:28 p.m. Dr. Anthony Tarver pronounced Offender Barras dead after
several failed attempts to revive Offender Barras. Tentative cause of death listed as
Cardiac Arrest, secondary to Accidental Electrocution, pending final autopsy report and
Coroner's Certificate of Death.

Offender Barras' family was notified at 3:30 p.m.

Headquarters Duty Officer Sherri Benton was notified at 3:43 p.m. and at 4:15 p.m.

East Feliciana Sheriff's Office Detectives Don Mackey and Arkell Merritt arrived at Dixon
Correctional Institute at approximately 4:22 p.m. to investigate the incident.

East Feliciana Coroner Dr. DeJohn arrived at DCI at approximately 4:27 p.m.


SR/cst